Schoendorf v 589 Fifth TIC I LLC (2022 NY Slip Op 03580)

Schoendorf v 589 Fifth TIC I LLC

2022 NY Slip Op 03580

Decided on June 02, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 02, 2022

Before: Manzanet-Daniels, J.P., Kapnick, Shulman, Rodriguez, Higgitt, JJ. 

Index No. 158404/17 Appeal No. 16069 Case No. 2021-04388, 2022-00581 

[*1]Richard Schoendorf et al., Plaintiffs-Appellants-Respondents,
v
589 Fifth TIC I LLC, et al., Defendants-Respondents, Perlen Steel Corp, et al., Defendants. 

Appell & Parrinelli, New York (John J. Appell of counsel), for appellants-respondents.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Patrick J. Lawless of counsel), for respondents.

Order, Supreme Court, New York County (Lewis J. Lubell, J.), entered October 5, 2021, which, to the extent appealed from, granted defendants 589 Fifth TIC I LLC, 589 Fifth TIC II LLC, and Western Management Corp.'s motion for summary judgment dismissing plaintiffs' Labor Law § 240(1) claim and plaintiffs' Labor Law § 241(6) claim predicated on Industrial Code (12 NYCRR) § 23-9.8(h), and denied as moot plaintiffs' motion for partial summary judgment on the issue of liability on their Labor Law § 240 (1) claim, unanimously reversed, on the law, without costs, defendants' motion denied, and plaintiffs' motion granted.
Plaintiff Richard Schoendorf was injured as he was attempting to move a 400-pound elevator platform from the front of a flatbed truck to the tailgate. The platform, which was about seven feet long, rested on a pallet jack that was too small to allow the platform to rest properly on it, causing the platform to dip and touch the flatbed. As plaintiff lifted the platform about four or five inches off the pallet jack in order to place a second pallet underneath to facilitate moving the platform, he felt a snap in his left arm.
The pallet jack was a safety device that was insufficient to allow plaintiff to move the platform from the front of the flatbed truck to the tailgate. In view of the weight of the platform and the amount of force it was able to generate, even in falling a relatively short distance, plaintiff's injury resulted from a failure to provide adequate protection, required by Labor Law § 240(1), against a risk arising from a significant elevation differential (see Ali v Sloan-Kettering Inst. for Cancer Research, 176 AD3d 561 [1st Dept 2019]; Landi v SDS William St., LLC, 146 AD3d 33, 38 [1st Dept 2016]; see also Gutierrez v Harco Consultants Corp., 157 AD3d 537 [1st Dept 2018]).
In light of the foregoing, the Labor Law § 241(6) claim is academic.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 2, 2022